# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**ROBERT E. DUPREE, SR.**                                               **PLAINTIFF**

v.                                     **No. 4:19-cv-590-DPM**

**STATE OF ARKANSAS; and
CITY OF LITTLE ROCK
CODE ENFORECMENT**                                    **DEFENDANTS**

## ORDER

Dupree and the City of Little Rock are in a zoning dispute about having a church on the premises at 7925 Mabelvale Cut-Off Road. The Little Rock District Court, Environmental Division has ordered him to appear this afternoon in case No. LREN-19-203. Dupree removed that case here last week, relying on 28 U.S.C. § 1443. The statute allows removal of certain state cases involving civil rights. In his notice of removal, Dupree cites the First Amendment, the Fourteenth Amendment's guarantees of due process and equal protection, and the Americans with Disabilities Act—because some of the church members are disabled. This Court lacks subject matter jurisdiction.

28 U.S.C. § 1443(2) does not apply because Dupree is not a federal officer or agent (or supporting actor) involved in "affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood, Mississippi v. Peacock*, 384 U.S. 808, 824 (1966).

The first part of the statute, 28 U.S.C. § 1443(1), does not apply either. The removing party must invoke "law providing for specific civil rights stated in terms of racial equality." *Georgia v. Rachel*, 384 U.S. 780, 792 (1966). Dupree's broad contentions under the First Amendment and the Due Process Clause do not suffice "because the guarantees of those clauses are phrased in terms of general application available to all persons or citizens, rather than in the specific language of racial equality that § 1443 demands." *Ibid.* The ADA is about disabilities, not race, so it doesn't provide solid footing. What about the Equal Protection Clause? *Georgia v. Rachel*'s reasoning seems to undermine reliance on that Clause's general words, too. Assuming the Clause does provide an adequate foundation, Dupree's allegations are nonetheless insufficient. He must make an adequate showing that he has been "denied or cannot enforce the specified federal rights in the courts of the state." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quotations omitted). The statute "normally requires that the denial be manifest in a formal expression of state law." *Ibid.* Dupree points to no such Arkansas law. And he alleges no facts sufficient for this Court to make an "equally firm prediction" that Dupree will be denied, or cannot enforce, his right to be treated as an equal citizen by the Environmental Division of Little Rock's District Court. *Ibid.* Dupree

must make his argument against the City's code enforcement there. The case is remanded.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

26 August 2019